UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDERICK CHILDERS,<br><br>Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT LLC,<br><br>Defendant,<br><br>STERLING SAVINGS BANK,<br><br>Garnishee. | CASE NO. C13-0697JLR<br><br>ORDER QUASHING WRIT OF GARNISHMENT |

This matter comes before the court on Defendant Receivables Performance Management LLC's ("RPM") motion to quash writ of garnishment. (Mot. (Dkt. # 6).) This is an action to collect a debt. RPM is a debt collection agency but, ironically, in this action the tables are turned: Plaintiff Frederick Childers is attempting to collect a debt from RPM. In 2011, Mr. Childers sued RPM under the Fair Debt Collection Practices

ORDER- 1

Act, 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* The case settled for $1,501.00, and Mr. Childers subsequently won an award of attorney's fees in the amount of $7,110.00.[1] (Shafer Decl. (Dkt. # 7) Exs. 1, 1-A, 2, 3, 3-A.) Mr. Childers brought this garnishment action to collect the debt, and the court issued a writ of garnishment in March, 2013 (3/26/13 Order (Dkt. # 2).)

The question now before the court is whether RPM has already satisfied its debt to Mr. Childers. RPM argues that it has paid the debt in full: that it paid 72 % directly to Mr. Childers' attorney and remitted the remaining 28 % to the IRS according to its obligations under the federal tax code. Mr. Childers argues that he should have received the full 100 % with no portion remitted to the IRS. The court has reviewed the submissions of the parties, the record, and the relevant law and, considering itself fully advised, agrees with RPM and accordingly GRANTS RPM's motion to quash the writ of garnishment.

## I. BACKGROUND

The reason this dispute is in front of this court is that Mr. Childers refused to give RPM his Tax Identification Number ("TIN") so that RPM could properly process its debt to him. The parties have settled all of their underlying claims, and RPM acknowledges its responsibility to pay Mr. Childers. However, the parties also agree that, despite being asked, Mr. Childers refuses to provide RPM with a TIN or a corresponding IRS Form W-9, which RPM needs in order to comply with the tax code. (*See* Resp. (Dkt. # 12) Ex. C.)

---

[1] Mr. Childers also won a cost award of $425.00. RPM mistakenly failed to pay this amount at first, but did so after being alerted of its mistake.

ORDER- 2

Mr. Childers justifies his decision not to provide a TIN by arguing that the settlement agreement does not require it. (*Id.*) Although that may be true, it is also true that RPM has a responsibility under the tax code to report payments in excess of $600.00 to the IRS using the TIN of the person being paid. *See* 26 U.S.C § 6041(a); Treas. Reg. 1-6041-1.

If the payee does not provide a TIN, the tax code requires the company to use a process called "backup withholding." *See* 26 U.S.C. § 3406(a). The essence of backup withholding is that the payor pays the payee, but withholds a certain amount of money and remits that money to the IRS, creating a backstop to ensure that the payee will pay taxes on the money received. *See id.*

After Mr. Childers refused to supply RPM with a W-9 or with his TIN, RPM concluded that it was required to undertake backup withholding. (Shafer Decl. at 3.) Thus, RPM sought to satisfy its obligation to both Mr. Childers and the IRS by paying Mr. Childers 72 % of the amount owed ($6,199.92) and paying the IRS the remaining 28 % ($2411.08). (Case Decl. (Dkt. # 8) Exs. 1, 2.) Mr. Childers wanted to be paid the full amount owed to him, so he asked the court for a writ of garnishment, which he obtained and which RPM now moves to quash.

## II.   ANALYSIS

**A.   Standard on a Motion to Quash Writ of Garnishment**

Writs of garnishment are available in federal court under the circumstances and in the manner provided for by the law of the forum state. Fed. R. Civ. P. 64; *Nationwide Mut. Ins. Co. v. Whiteford Sys., Inc.*, 787 F. Supp. 766, 768 (S.D. Ohio 1992). Washington law does not spell out a specific test for when a court should quash or

dissolve a writ of garnishment, *see* RCW Ch. 6.27, and case law on this topic is sparse. However, it is clear from the small amount of precedent that does exist that a writ of garnishment is properly quashed if the evidence before the court demonstrates that the grounds for issuing the writ are no longer met, or indeed never were met. *See, e.g.*, *W.G. Platts, Inc. v. Guess*, 351 P.2d 512, 515 (Wash. 1960); *Liebig v. Liebig*, 182 P. 605, 606-07 (Wash. 1919). In Washington, a writ of garnishment may be issued "for the benefit of a judgment creditor who has a judgment wholly or partially unsatisfied in the court from which the garnishment is sought." RCW 6.27.020 ("Grounds for issuance of a writ"). Thus, a motion to quash is properly granted where the defendant demonstrates that the plaintiff (the judgment creditor) does not have a wholly or partially unsatisfied judgment against the defendant. *See id.*; *see also W.G. Platts*, 351 P.2d at 515.

**B.    RPM Has Satisfied its Debt to Mr. Childers**

RPM has already paid out an amount of money sufficient to satisfy its obligation to Mr. Childers. (*Compare* Case Decl. Exs. 1, 2, *with* Shafer Decl. Exs. 1, 1-A, 2, 3, 3-A.) Indeed, Mr. Childers does not dispute this fact. Instead, he argues that all of the money should have been paid to him and none of it remitted to the IRS.

The court concludes that RPM was justified in remitting money to the IRS under the backup withholding process. RPM was responsible for providing Mr. Childers with an IRS Form 1099 indicating the amount of its payment since the payment exceeded $600.00. *See* 26 U.S.C. § 6041(a); *Johnson v. LPL Fin. Servs.*, 517 F. Supp. 2d 1231, 1235-36 (S.D. Cal. 2007). If "some or all of the judgment or settlement payment is includable in Plaintiff's gross income, and the check is made payable to only Attorney,

ORDER- 4

Defendant is required to provide a Form 1099 to both Attorney and Plaintiff." *Johnson*, 517 F. Supp. 2d at 1235-36 (citing Treas. Reg. 1-6045-5). Here, the payment was over $600.00, there is no plausible reason it would not have been included in gross income,[2] and the check was made payable to Mr. Childers' attorney. (*See* Case Decl. Ex. 2.) To the extent there is any doubt that a Form 1099 was required, the decision to file a Form 1099 is left "with the payor, the party who typically decides whether to file the form and the party who is subject to penalties should it incorrectly decide not to file the form." *McCormick v. Brzezinski*, No. 08-10075, 2010 WL 2105110, at *2 (E.D. Mich. May 21, 2010). Thus, RPM was entitled to take a protective approach by issuing and filing a Form 1099. *See id.* When a payor files a Form 1099 without a TIN, the payor must undertake backup withholding:

> (a) Requirement to deduct and withhold
> (1) In general.--In the case of any reportable payment, if--
> (A) The payee fails to furnish his TIN to the payor in the manner required,
>
> . . .
>
> then the payor shall deduct and withhold from such payment a tax equal to the product of the fourth lowest rate of tax applicable under section 1(c) and such payment.

26 U.S.C. § 3406(a). This is exactly what RPM did after Mr. Childers refused to produce his TIN, remitting 28 % of its payment to the IRS under 26 U.S.C. § 3406(a). (Shafer

---

[2] Gross income is broadly defined under 28 U.S.C. § 61 as income from "whatever source derived." There are certain exceptions, but no one argues that any of them apply here.

ORDER- 5

1  Decl. at 3; Case Decl. Exs. 1, 2.) RPM was justified in doing this, so the court concludes
2  that RPM has satisfied its debt to Mr. Childers.
3   Mr. Childers makes a cursory argument that RPM was not justified in withholding
4  money to the extent the payment was made to satisfy a judgment, not a settlement
5  agreement. (Resp. at 4-5.) But the tax code does not distinguish between judgments and
6  settlement agreements in this context. *See* 26 U.S.C. §§ 3406(a), 6041(a); *Johnson*, 517
7  F. Supp. 2d at 1235-36 (citing Treas. Reg. 1-6045-5). Instead, "reportable payments"
8  that require withholding include anything which would be gross income to Mr.
9  Childers—that is, anything that would require filing a Form 1099. *See* 26 U.S.C.
10 §§ 3406(a), 6041(a); *Johnson*, 517 F. Supp. 2d at 1235-36 (citing Treas. Reg. 1-6045-5).
11 As discussed above, RPM was justified in deciding to file a Form 1099, so the court
12 rejects Mr. Childers' argument and concludes that RPM has satisfied its debt to Mr.
13 Childers and so Mr. Childers. As a corollary, the court concludes that Mr. Childers does
14 not have a "wholly or partially unsatisfied judgment against" RPM and thus there are no
15 grounds for a writ of garnishment.
16 //
17 //
18 //
19 //
20 //
21 //
22 //

ORDER- 6

### III. CONCLUSION

For the foregoing reasons, the court GRANTS RPM's motion to quash the writ of garnishment (Dkt. # 6). Further, RCW 6.27.230 provides that in a contested garnishment proceeding, reasonable attorney's fees "shall be awarded to the prevailing party." RPM is the prevailing party and is entitled to an award of reasonable attorney's fees in an amount to be determined by a separate motion. RPM shall have 30 days in which to note its motion for fees and costs.

Dated this 9th day of May, 2013.

JAMES L. ROBART
United States District Judge